UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAIS FERNANDEZ HAIRE,

    Plaintiff,

  v.            Case No. 23-C-1073

WARDEN RANDALL HEPP, et al.,

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Trais Fernandez Haire, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the amended complaint. Dkt. Nos. 2 & 10.

### Motion for Leave to Proceed without Prepayment of the Filing Fee

  Plaintiff requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $62.39. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff is an inmate at the Waupun Correctional Institution. Dkt. No. 10. Defendants are Warden Randall Hepp and "CMSD" Linda Meisner. *Id.* at 1-2. According to the amended complaint, Warden Hepp and CMSD Meisner were allegedly "aware [that] drinking water [at the institution] was above maximum contamination levels." *Id*. at 2. Plaintiff alleges that the water at the institution has radium, lead, bacteria, rust, and other hazardous materials. *Id*. He alleges that the combined effect of these particles violates state and federal safe drinking water standards. *Id*. Plaintiff alleges that "the defendants did not take the necessary steps to protect [his] health" and he has had severe stomach pain since he arrived at the institution in 2021. *Id*. at 3. He has allegedly complained to Warden Hepp about the contaminated drinking water numerous times, along with filing various health service requests and inmate complaints, yet there is still radium, lead, bacteria, and rust in the water in excess of maximum allowable contamination levels. *Id*. Plaintiff alleges that he still has not received any medical care for his stomach troubles, is still drinking contaminated water, and might develop cancer from the contaminated water. *Id*. at 3. For relief, Plaintiff seeks various injunctions to clean the drinking water (including testing with a new non-Wisconsin water company, new plumbing pipes, and new water wells), along with monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

To state an Eighth Amendment conditions of confinement claim, Plaintiff must allege that: (1) the conditions of his confinement were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) the defendant acted with deliberate indifference with respect to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). "The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). But while a prisoner "is not constitutionally entitled to perfectly filtered water," a "denial of drinkable water, even for a few days, may be actionable." *Riley-el v. Illinois*, No. 13–CV–5768, 2014 WL 3396531, at *2–*3 (N.D. Ill. July 10, 2014) (citing *Atkins v. City of Chicago,* 631 F.3d 823, 830 (7th Cir. 2011)). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

4

Plaintiff alleges that he told Warden Hepp numerous times that the drinking water at the institution was contaminated with toxic radium, lead, bacteria, and rust. He alleges that Warden Hepp has not done anything to resolve the issue; and therefore, he does not have access to clean drinking water at the institution. Plaintiff alleges that the contaminated water he has been drinking since 2021 has been causing severe stomach pain and might cause cancer. Based on these allegations, and at this early stage of the litigation, Plaintiff may proceed on an Eighth Amendment claim against Warden Hepp in connection with the alleged lack of clean drinking water at the Waupun Correctional Institution since 2021. *See e.g., Davis v. Williams*, 216 F. Supp. 3d 900, 906 (N.D. Ill. 2016) (concluding that an inmate stated an Eighth Amendment claim based on an institution's allegedly contaminated water; and additionally noting that the Court could not assess the severity of the alleged conditions of the water at screening); *see Stapleton v. Carr*, 438 F. Supp. 3d 925, 940 (W.D. Wis. 2020) (resolving at summary judgment an Eighth Amendment claim that the Fox Lake Correctional Institution had contaminated drinking water).

Plaintiff additionally alleges that Warden Hepp also violated "Federal Safe Drinking Water Standards." Dkt. No. 10 at 2. "The Safe Drinking Water Act was passed to establish uniform standards for public water systems and to reduce contamination in drinking water." *See Alatorre v. Holcomb*, No. 123CV00282JPHKMB, 2023 WL 3173899, at *3 (S.D. Ind. May 1, 2023). "The SDWA gives private persons authority to bring an enforcement action for injunctive relief…but there is no private right of action for damages arising from a violation of the SDWA." *Id*. (internal citations and quotations omitted). Accordingly, Plaintiff may also proceed with a claim for injunctive relief against Warden Hepp under the SDWA. *See id*.

The Court will dismiss the remainder of the defendants and claims from this lawsuit. Plaintiff states that CMSD Meisner is an employee at the institution who is allegedly "assigned to

5

Waupun prison water district." Dkt. No. 10 at 2. Plaintiff does not allege, however, that he ever complained to CMSD Meisner about his concerns with the allegedly contaminated water. Because Plaintiff fails to allege facts from which the Court can reasonably infer that CMSD Meisner had any knowledge of the allegedly contaminated water at the institution, he fails to state a claim against her. *See Burks*, 555 F.3d at 593-94 (noting that liability under §1983 is based on an individual's knowledge and actions, not the knowledge and actions of others). Plaintiff also states that he has not received any medical care for his stomach issues associated with the contaminated drinking water. But Plaintiff does not explain who he asked for medical care or what that person said or did to deny him medical care. Plaintiff asks the Court to "please see medical records." Dkt. No. 10 at 3. It is not the Court's responsibility to dig through medical records to find a claim. And Plaintiff's filing of health service requests and inmate complaints does not mean that either Warden Hepp or CMSD Meisner knew about his medical issues or that they were deliberately indifferent towards it. Accordingly, Plaintiff also fails to state a claim for denial of medical care.

## Conclusion

The Court finds that Plaintiff may proceed against Warden Hepp on an Eighth Amendment claim, along with a claim under the Safe Drinking Water Act, in connection with the alleged lack of clean drinking water at the Waupun Correctional Institution since 2021.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that CMSD Meisner is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order

are being electronically sent today to the Wisconsin Department of Justice for service on Warden Hepp.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Warden Hepp shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$287.61** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

7

Case 1:23-cv-01073-WCG   Filed 10/26/23   Page 7 of 8   Document 11

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 26th day of October, 2023.

>  s/ William C. Griesbach
>  William C. Griesbach
>  United States District Judge