UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAIS FERNANDEZ HAIRE,

    Plaintiff,

v.                                        Case No. 23-C-1073

WARDEN RANDALL HEPP,

    Defendant.

## ORDER

Plaintiff Trais Fernandez Haire, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendant Randall Hepp imposed unconstitutional conditions of confinement at the Waupun Correctional Institution since 2021. Dkt. No. 10. More specifically, he alleges that the drinking water available at the institution is contaminated. Defendant's responsive pleading is due December 26, 2023. Dkt. No. 11.

On December 11, 2023, Plaintiff filed a motion to appoint counsel. Dkt. No. 19. Plaintiff explains that he is unable to afford counsel; the issues in the case are "complex;" his imprisonment will greatly limit his ability to litigate the case; he has limited knowledge of the law and limited access to the law library; and a trial in this case will likely involve conflicting testimony that is better suited for a lawyer to present. *Id.*, ¶¶1–4. Plaintiff also states that he has made reasonable attempts to recruit counsel on his own to no avail. *Id.*, ¶5.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). The Court may also consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources. *Watts v. Kidman*, 42 F.4th 755, 765 (7th Cir. 2022). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id*. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual

2

Case 1:23-cv-01073-WCG    Filed 12/15/23    Page 2 of 4    Document 20

capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

As for the merits of the case and what is at stake, the court considers the claims the inmate has asserted, the extent of damage or harm he claims to have sustained, and, to the extent it appears from the record, the evidence supporting the allegations. At the same time, the court must be careful in assessing the merits at the early stages of litigation and remain mindful of the fact that the plaintiff is not an attorney and may have difficulty communicating the facts giving rise to his claim and the extent of his injuries. *Watts*, 42 F.4th at 766.

The Court is satisfied that Plaintiff made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 19-1. But the Court will not recruit counsel at this time. Plaintiff does not explain why he believes this case is too "complex" for him to handle on his own nor does he provide any information at all regarding his individual capacity to litigate the case such as his literacy, communication skills, education level, intellectual capacity, psychological history, physical limitations, or any other characteristics that may limit his ability to litigate the case. To the extent Plaintiff is unable to afford counsel, is incarcerated, and has limited knowledge of the law, those circumstances are true for most, if not all*, pro se* plaintiffs and does not, on its own, warrant recruitment of counsel. This is precisely why the Seventh Circuit noted that deciding whether to recruit counsel is a difficult decision—almost all *pro se* filers would benefit from having counsel. Additionally, Plaintiff's filings thus far have been clear and coherent, so the Court does not have any concerns about his ability to communicate or move the case forward.

Further, at this point in the litigation, all Plaintiff must do is wait for Defendant to file a responsive pleading to the complaint—he need not yet worry about conflicting testimony at trial. Once a responsive pleading is filed, the Court will enter a scheduling order with more instructions

3

on how to proceed with the case, including conducting discovery and filing/responding to dispositive motions. In the meantime, Plaintiff should read the guide entitled "Answers to Prisoner Litigants' Common Questions" that the Court sent to Plaintiff on October 26, 2023. *See* Dkt. No. 11. That guide contains information on civil litigation in federal court and what to expect moving forward. At this time, the Court does not believe that the case is too complex for Plaintiff to handle on his own. Therefore, the Court will deny Plaintiff's first motion to recruit counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's first motion to appoint counsel (Dkt. No. 19) is **DENIED** without prejudice.

Dated at Green Bay, Wisconsin this 15th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge