UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAIS FERNANDEZ HAIRE,

    Plaintiff,

v.                            Case No. 23-C-1073

WARDEN RANDELL HEPP,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS**

Plaintiff Trais Fernandez Haire, who is representing himself, is proceeding on an Eighth Amendment claim, along with a Safe Drinking Water Act claim, in connection with allegations that Warden Randell Hepp failed to provide clean drinking water at the Waupun Correctional Institution since 2021. Dkt. Nos. 10 & 11. On February 5, 2024, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 23. Because the undisputed facts show that administrative remedies were "unavailable" to Plaintiff, the Court will deny Defendant's motion.

## UNDISPUTED FACTS

In this lawsuit, Plaintiff alleges that he notified Warden Hepp numerous times that the tap water at the institution was contaminated with toxic radium, lead, bacteria, and rust; and Warden Hepp allegedly did not do anything to investigate or resolve the issue even though it is causing Plaintiff severe stomach pain. Dkt. No. 10. Plaintiff attempted to file four inmate complaints in connection with these allegations, all of which were "returned" unfiled. *See* Dkt. Nos. 30-1, 30-2, 30-3, & 30-4.

On July 11, 2023, Plaintiff attempted to file an inmate complaint alleging, "The water at Waupun is making me sick." Dkt. No. 30-1 at 1. The Institution Complaint Examiner (ICE) returned that inmate complaint on July 13, 2023 with instructions to "Please supply your evidence that the Water at WCI is causing your issues." *Id*. at 3.

On July 14, 2023, Plaintiff attempted to file another inmate complaint alleging, "Fix the water supply & plumbing." Dkt. No. 30-2 at 2. Plaintiff explained, "I purchased water off the canteen for one week my stomach & side stop hurting." *Id*. The ICE again returned the inmate complaint on July 17, 2023 with instructions to "Please send evidence to verify your claims." *Id*. at 3.

On July 20, 2023, Plaintiff attempted to file an inmate complaint with the Corrections Complaint Examiner (CCE) alleging, "I am requesting Waupun change and upgrade the plumbing & correct the water supply." Dkt. No. 30-3 at 1. He explained, "I purchase water from the canteen for one week my stomach & right side stopped hurting…I can't continue to buy water off canteen no more." *Id*. The CCE returned the document on July 27, 2023 because "the appeal does not list the complaint file number." *Id*. at 5. Plaintiff was advised that, "If your complaint was returned back to you by the ICE office, complainant has the option to resubmit his complaint to the ICE office for processing if he follows and completes the directives stated in the ICE complaint return letter." *Id*.

On January 25, 2024, Plaintiff attempted to file another inmate complaint alleging, "Radium, Bacteria, Lead, Toxic in the water." Dkt. No. 30-4 at 1. Plaintiff explained, "with the Toxic in the water the water is making me sick." *Id*. The ICE returned the inmate complaint on January 29, 2024 because "each complaint may contain only one clearly identified issue." *Id*. at

2

3. It noted, "you need to explain how you are getting sick from the water and send your evidence." *Id*.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Defendant asserts that he is entitled to summary judgment because Plaintiff's four inmate complaints were properly "returned" with instructions on how to file an acceptable inmate complaint. Dkt. No. 29. Defendant contends that Plaintiff did not correct the issues and file an acceptable inmate complaint; therefore, he failed to exhaust administrative remedies. *Id*.

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to raise inmate complaints in connection with employee actions that personally affect the inmate or the institution environment. Wis. Admin. Code § DOC 310.06(1). An inmate is required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action. § DOC 310.05. Under the ICRS, an inmate must file a complaint with the ICE within 14 days of the relevant occurrence. § DOC 310.07(2). Each complaint may contain only one "clearly identified" issue and must "provide relevant supporting documentation." § DOC 310.07(3)(f) & (5). "A complaint must contain sufficient information for the department to investigate and decide the complaint." § DOC 310.07(6). The inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)). The ICE may "return"

4

an inmate complaint within 10 days if it does not meet ICRS criteria, and may permit the inmate to resubmit the complaint after correcting issues noted by the ICE. § DOC 310.10(2) & (5).

Inmates need not exhaust administrative remedies that are "unavailable," however. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies are "unavailable" where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates;' (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Plaintiff asserts that he attempted to file four inmate complaints, all of which were returned, and he complied with the ICE's requests for evidence by providing his statement that he stopped drinking tap water for a week and his symptoms went away. Dkt Nos. 28 & 31. Plaintiff states that the ICE's continued return of his inmate complaints rendered administrative remedies unavailable to him. *Id*. The Court agrees.

Plaintiff's own statement/explanation about what happened and why he believes it happened is adequate evidence to initiate a complaint under the ICRS. Toward that end, it's unclear what other evidence Plaintiff could have supplied to support his complaint given that he has no authority whatsoever to order water testing at the institution. Indeed, "[i]f the prison required additional supporting evidence of every inmate complaint, and rejected those that failed to provide any, few inmates could ever exhaust administrative remedies. Neither Wisconsin's administrative rules nor the PLRA demands as much." *Walker v. Schonasky*, Case No. 21-C-675, 2021 WL 5771128, at *4 (E.D. Wis. Dec. 6, 2021). Consistent with this reasoning, the Court finds that Plaintiff's explanation regarding the effects of drinking canteen water for a week was adequate evidence to initiate an inmate complaint alleging unsafe tap water at the institution. The ICE

improperly returned those inmate complaints, however, and rendered administrative remedies unavailable to him. If the ICE believed that Plaintiff's statements and allegations regarding the tap water at the institution were too speculative or false, the proper course of action would have been to file the inmate complaint, investigate the matter, then dismiss it for lack of credible evidence. But the ICE cannot weigh the evidence beforehand then altogether refuse to file the inmate complaint, effectively precluding access to the ICRS. The ICRS also appears to have no option to appeal an improperly "returned" inmate complaint, so Plaintiff had no choice but to initiate this lawsuit in order to seek relief. Because the ICE's conduct rendered administrative remedies unavailable to Plaintiff, the Court will deny Defendant's motion for summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 23) is **DENIED.**

Dated at Green Bay, Wisconsin this 3rd day of May, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
